Ruffin, Judge,
 

 after stating the case as above, proceeded as follows : Upon the will, any residue remaining at the death of the widow, is clearly divisible amongst the surviving children equally. Up to that event, the. profits belonged to the widow, and the whole was subject to the charge of educating the younger children. But the report is predicated on a false basis, the award and transfer of the debt by the mother. There is no evidence of such a transfer. The Plaintiffs allege one to
 
 all the children,
 
 then living. This is expressly denied by the Defendant
 
 William;
 
 and the Plaintiff lias taken no proof. That Defendant admits, or insists on a different assignment, namely, one to the four children, excluding
 
 Mar,
 
 
 *367
 

 cha,
 
 and says that be paid £150 for it. Of tills the P«-fendant fias offered no proof; am! being a new and dis» tiuct allegation, his answer to this point is not evidence. Tt is only evidence, when responsive So the bilk It is not like one charging and discharging himself in the same breath, and from the same fact, standing as one. admission, it is a denial of the Plaintiff’5»allegation, and then bringing forward a new fact., as a title in him* »elf. There being no proper proof of any assignment, Isii-ih are laid ont of the case 5 which must 1st; left to stand on (he will. By that, it is declared by the Court, that i'be PkiníiíT, in the case which has happened. Is «mí’¡¡led io one-third of the sum of £ Bit/. Cosmcyuenily, the first exception is overruled.. Then, as to the interest: it is to be observed, that the Defendant does not say, that he has not used the money ; and he does not bring it into Corrí, and render an account. On the contrary, ho de-fiscs the Plaintiffs right altogether. finder such circumstances, ho is chargeable with interest from the time the legacy became doe to the Plaintiffs s that is, fro® the ikath of their mother. To that extent, iho third exception is allowed ; and overruled for the bakncc.
 

 The second exception goes to die charge of education-Th&t was certainly to be defrayed out of this fund. But when a near relative, ami the head of the family, takes die charge on his own-private purse. If must bo held to be for the benefit of the whole estafe, and not rcHlrictcd to be a personal bounty to particular children. It
 
 in
 
 most probable, that the understanding of the parties was, shat this very
 
 úsbt
 
 of
 
 denerui ferstm
 
 shUnld be paid in >ib»t way. If so, it was a most ««pardonable and mi-f.enccientions advantage taken of his estate, to claim it after Ills death. But it is too late fo consider that now»
 
 V
 
 has been settled, without any deductions for his dis-bursrmeui# for his nephews. Plow 0111 bis nephews asfe now, that the allowance, instead of being made to him, should be given over to them ? Rat if this were not so, ■j Is pkin that the ezpenvrc, con*.¡ímplate:! by the testa
 
 *368
 
 tor in 1778, would not have exceeded tlie income from ^18 estate. The tenant for life was therefore responsible, and the profits accruing in her time are adequate. xiicy are in the Defendant’s hands, and must remain there, for any thing which can be decreed in this suit. The Defendant says, she surrendered them. We must take that for granted, until her representative shall contest it. Admitting it to be so, those profits constituted a compensation for the education, that is, such an edacation as the children could have got in the country at that time. This exception is therefore overruled. And the Master will immediately compute the legacy according to these directions.
 

 The account here has been taken, according to the course of the Court. The order of reference, need not be specially renewed at every term. The Defendant being a resident of another State, and having no agent mentioned of record, or known to (he Master or parties, it was regular to serve the notices to attend the Master, ok the Solicitor or Counsel in Court.
 

 Per Curiam.
 

 — Decree that the Plaintiffs are entitled to one-third of the amount of the award, and charge the Defendant, the administrator of
 
 Thomas Person,
 
 the elder, with interest thereon from the death of the mother in *9813, and an account is directed accordingly.